15 2194 15 23 37 15 23 53 15 23 71 15 23 79 in great city of Detroit, Michigan, Edd at all. John P. Quinn, th versus the city of Detroi all. Oral argument as fol to be shared by the appell 15 21 and 15 23 79 will be brief. Mr. Spiel Quinn. T please the court. Jamie P William O'Shaughness and 1 appellants and I would en finding of equitable moot with the Supreme Court's v. Marshall because it al court to exercise final j that a bankruptcy court c from the bankruptcy itself ASF matter in this case e never a proof of claim fi had existed in the city w on dicta in northern pipe for his authority to deci claims in this case. The to holding that the sayin may very well be a public right. However, the Supre rejected that contention number seven and in fact, versus Norfolk put moment the Supreme Court said it that the restructuring of relationships is in fact t pension issue while, uh, there was me, Margaret Gr the Chief Justice Marshall it's a duty and the provi to stay with laws. Congre court did not have the co to issue a final non appeal on what article nine secti constitution's pending cla if there were appellate r would, would there be any even if there's a public between and it would depe as a core or non core mat is the ASF matter had no court in the first place. even in this course broad to under Waldman, it's no to the bankruptcy at all. ASF matter had no busines court. As far as a pensio arguable that the bankrup to decide whether pensions fair game for the bankrup argue in our brief that w that the bankruptcy court to hear it. If there was on that issue, there woul In fact, it's the Supreme to deciding whether the a though there's no assets in chapter nine, whether to speak, it's a stern is arguable. Wellness never they never really had to even putting aside the co issues. Uh, the district based on 28 U. S. C. 158. judge is appealable. Uh, This was emphasized in st in executive benefits ver If you take away the revi taking away the jurisdict gave you the bankruptcy c what judge Alito said in making equitable mootness given Sixth Circuit prece mootness, don't aren't we us to overturn Sixth Circ overturn equitable mootne on blank. And so you're n you can't overturn it. Bu district because there's ways to go. Um, one is th a threshold issue and com versus sure they put the jurisdiction. So if there a contract place case tri would be upset and the Ar have an independent duty church, so to speak, as f You raise your stern claim because both in, in, in w due process claim in the sure. And, uh, and what t wellness, it was never ra appeal. Uh, and the petit never being raised on app the Supreme Court overturn you can't do anything wit but not structurally. Say The Supreme Court didn't that can be waived. Yeah, that there has to be cons what happened was that th to the, it was a denoble on the, um, on the, uh, t denoble. And then he rema if there was some back to or if they did consent. B allowed for implied consen consent, didn't they? Yes you impliedly consent by in the, uh, on the two se there was never a, uh, pr um, in Waldman, this cour wasn't approved a claim f the number one creditor, So he would have, if they courthouse. But in this c out of the blue, it's no a 1983 action or an E. O. lost five years ago and s a different form. Now let tried in the bankruptcy c to the, uh, we filed obje judge about hearing it an we didn't file it in the, raised in the bankruptcy due process rights there, chose not to raise it in I mean, our case law is t it up? Well, it's like, t we take it up in the face case law that indicates t raised below or waived? W like, it's, it's not, the the waiver. One is individ what wellness referred to the, uh, the structural r for litigants to waive th it's just like, uh, in th versus Spencer, that, uh, authored the opinion, whe from James Madison in fed he said that the constitu definition of tyranny. So court who, uh, the Congre bankruptcy, Congress appl the laws in this case. An of the laws. So I don't t it or we raised it in the is the constitutional pro prioritize. Did any of th in the district court? Th issue was raised was the retirees raised it when t from by reference. But th that you can't do that be issue because that's a co that it was turned down i for that. But this is dif claims themselves. Um, th like to, you'll note that on. I'm sorry. You want t Good morning, your honor. representing myself. Let' worst case scenario. The happen if the district co the merits of my appeal a bankruptcy court erred by of adjustment that violat bankruptcy court. The wor happen is actually the on happen. And that is a rem court to give the city an address the errors in the In a chapter nine case, t the only entity that can or modify the plan of adju the courts came through t That being the case, unle to blow up its own plan o be confident that all of that the city is worried not happen if the merits are considered because th is the one who will be in any changes that need to errors. The district cour some particular proposal the problems that you see as a claimant here. Okay. at the issue of pensions overall. If the plan of a said that the pension ob are only those of the cit G. R. S. That solves all A. F. S. Recruitment. If my brief, as matters stan the G. R. S. The general nor individual retirees a against further litigatio making payments toward th Therefore, it's not reall settlement at all. If the the city has never claime have the opportunity to s on this issue. So if the to tell all of all of the by A. S. F. Recruitment, if we will give you a rel you a release on A. S. F. go on, continue as we hav it, that would be the end you accept the bankrupt b that there's a 60% 60 to the retirees would lose i That's a good offer. It's because the total being w 50% of the alleged liabil it, then the G. R. S. Cou them. Um, so, um, anothe I'm sorry, I'm taking you but just to be sure I get if we are bound by Sixt C equitable mootness applies in Chapter 11. Do we have in Chapter nine? Or what difference between Chapte for this purpose? There a differences. As I mentione in that the debtor has co that might be made to the to an appellate holding. the, uh, you have a diffe issue because if you say you allow equitable mootn by doing all the things y court level to assure tha can be invoked is essentia to divest the district co the merits of the appeal. a state actor determining United States district co is granted by Congress. U than having a private act it's probably not worse, you don't have a federalis mootness. And I guess Chap gives the gives the debto they don't have in Chapte the other chapters to assu because they have complet plan of adjustment. It's bankruptcy court can requ of a plan or any other, a any creditor can propose plan. It's entirely in th better. It would be safe of these concerns that yo might suggest greater wei whether a stay was reques court in connection with we traditionally use for I would in this case, I d a difference because I di to stay from the bankrupt district court. And no, I your concern isn't what h the bankruptcy court as i that the district court i I think those were your w You had the option to req district court had the po they found it meritorious of the reason the question is that not enough to avo that you're postulating h of the fact that the only is sought that I saw it i court and that I seek on in nature. I do not belie have hardly any chance at a stay in the district co it was worth worth my tim and the court's time to l But on the other hand, th mootness has three factor is whether you requested seem that it would be imp factor. The the doctrine under the mangy's factor and in the fifth circuit with whether a stay is re whether a stay was entered said that if there is no no stay makes no differen and not granted is no dif requested for purposes of the question of whether a And of course the state w in the bankruptcy court. is clearly under sixth ci a major factor. The signi of request of a stay of c a stay, you're never goin of that little mootness b be substantial consummati  going to reach the issue and destruction of a cons if it's not substantially Quinn, I want to go back the relief that you're se admit, I still don't unde court, you seem to be ask that the city submit a ne includes a more equitable A. S. F. Recruitment recu I don't think so. Your hon you didn't say that. Are y brief? I should be wrong, that the relief I request to the to the bankruptcy city submit a new plan. A you contended had to incl method for collecting A. take a look at. I don't r remember the word equitable double check. All right. time on that. You don't h But in any event, you're the district court to ord a new plan. No, I'm not. court. That seemed to be I was asking the district to the bankruptcy court s bankruptcy court could mo file a new plan, modify t narrow issues that I agre All right. Instead of a n a modified plan back befo court. That's only the ci correct. You have any rea they would? Well, I suppo reason they could offer t for failing to do so is t done. Not asking the nega positive. Is there any re if you got that request, the district court that t amended plan? Well, yes, have been informed by the point that the plan that filed and then it has bee on erroneous reading of t It violates the bankruptcy have presumably they wish bankruptcy code to the ex and practical. And so the every effort to do so. An A. S. F. Recruitment. Aga violation of the plan? Ho the bankruptcy code with recruitment? Section 1123 you get same treatment. U of all. I'm sorry, your o finished? If of all credi class. A. S. F. Recruitme creditors in class 11. Th in class 11 are getting a pensions. A. S. F. Recruit to A. S. F. Recruitment a 20% cut in pensions. That treatment of creditors in the problem. I shouldn't s should say claims in the So the problem is that th is too broad. In other wo that didn't didn't partic plan and some did. So tho uh their pension gets fur the recruitment. I'm not definition, accepting the definition. I'm simply po you define the class, you treatment to all claims w So there are only two way to me. So tell me why I'm you, either the plan would pensioneers that didn't p would have their pension r though there's no need fo say those that this plan weren't entitled to with they wouldn't have to pay Those are the only two cho everybody in your view, e not your honor because I that the exception that a 22 22 23 a four and that claimant consents to less it's permitted. All the c as I mentioned earlier, t anyone a release as a res payments on A. S. F. Recr we owe about twice as muc from us. If they simply s in the plan and you get a who accepts that has agre accept, then GRS is perfe claims against those indi are valid as the city mai the bankruptcy said, it l a 60% of the chance of be the problem you're saying you're that group of peop 20% haircut compared to t a 4.5% haircut. The probl have hanging out there, t of the remaining, the rem 180 million or whatever i million. No, that's not t the solution in a way bec you think about that? Bec only one having this prob it's hard to figure out f what you want. Okay, I'm s want the maximum cut of 2 not part of your goal? No honor. The goal is that t looking at only that part 112384 claim. Um, the nob have the 20% cut unless e to it individually or uh, litigated a claim against additional cut. And if tha those things happen, then to have the 20% cut. Why w agree to that? Because the the police from the remova good morning. Please seco assuming you're appearing We're reserving one minut adopt the appellate brief oral argument of appellan Detroit filed bankruptcy of a plan of adjustment t and call back approximatel the annuity savings fund. you just a second right f You said you adopt the po Uh aside from trying to f that position is. I under you say in the court of a the A. S. F. Recruitment to you and your call appe different than what Quinn different than what you a court. No, it's not diffe asked for the district co was mistaken about the re that the relief they clai sought only to uh strike A. S. F. Club act as it a if that happened, how doe the bankruptcy court rul that say everybody in the Quinn says he's not chall Quinn's position have to because we're the ones wh people have accepted the decision. They haven't ap people that have appealed and therefore we're not i And do you have any autho that if you appeal you ca be treated differently? N claim that financial chaos the city's plan of adjust modified and that's not tr a bankruptcy court decisio regarding A. S. F. Recruit and the city's plan is st not fall into financial c that we don't buy your ar can be adjusted be only a co appellant. Let's assum you don't have authority assume we don't agree wit would mean then that if y that Quinn wants, this wo have to file an amended p the whole A. S. F. Recrui if they can't recoup it t want, then all of these b seem to contest this, say $190 million recruitment, all of the pensions by 13 4.5%. Is that right or wr asking for $190 million. 70,000. But I'm asking yo may not accept that. So i that Quinn wants $190,19 and I don't understand ho the plan because as appell we're seeking is in essen the injunctions to allow G to litigate against the p and therefore the city wo entire $190 million. If p speculative. So you want the board to be able to s you and Quinn claiming yo Well, I got more money. I in urban industries. Well the method of recoupment. you were this class. This the plan by what was it? like that. Well, you're i  waited. So when the city 73% voting for it. The di weighted value was only a an overwhelming majority Well, that's fine. You're against it. Don't like it then that as to you and y the board be permitted to the extent you're adoptin you're asking that the bo to sue everybody. Well, i Yes. Really? You think th Well, if we get to litiga to get to the merits of t been able to get to the m what we'd like to do. So against the general retir And the city is on the ho shortfall that then resul system because they're ju Right. Arguably. But under speculative because the c doesn't come in until the And it's conceivable that wisely and not need any mo city at that point because a good job up to now, rig to the honor. Uh, further the GRS could take positi the city could take the p their liability to GRS is plan and they wouldn't ha that additional amount. I the GRS. And if the GRS d then the pensioneers don' somehow that's a good ide your honor and they've in that money. If I remember amounts to about 40% of t about 40% of their obliga closer to 60% somewhere i might have my 40 vs 60 mi event, they don't, it's n funded plan. Most pension funded. Uh, that's why th why they try to grow thei can make their pension pl Can you see why at least be a little concerned abo Thank you. Good morning, the court. Mark Swanson o of Detroit. Your honors. case for the application of equitable movements. N No stay was diligently pu be no question that this consummated and make no m requested by the appellant $816 million in outside fu city with more than $3 bil debt and plunge the city b chaos, devastating its re them to the quote inhuman as judge Rhodes found tha the petition date. That t that the doctrine of equi a valid basis, at least a nine cases, which the cas circuit are all chapter 1 we import the doctrine of to this new area? Well, I should look at the reason equitable movements set f producers case. United Pro said that equitable mootn two problems. The first p of unwinding a consummated plan. And the second prob and the unfairness that d on people who have relied so those are what we might But don't we have to have basis? Or are you saying a judicial doctrine with bankruptcy statute? It is your honor. And it was ad the chapter 11 area becau in the bankruptcy code th 11 and not to chapter nine that were focused on. Onl in chapter nine as I unde I'm not clear which secti to, but the argument has might be referring to the County that because the b substantial consummation and substantial consumma the second element to det a plan is equitably moot. court should not apply e chapter nine due to that reasoning is wrong and in reasons. First, the bankr define substantial consum of determining the scope But rather for the wholly purposes of determining c or dismissal of a bankrup the period within which a may be modified. Okay. So though, is, is there any code that allows for a co this provision endorses o of equitable mootness in So in other words, I'd li what sections of the bank the importing of equitabl nine. Well, equitable moo in chapter 11 or chapter made. So there are no st you're going to point me correct. Um, and just to on this, there aren't any not just with regard to c with regard to chapter 11 Although the courts that mootness relied, as I rec on 3 63 M. And on 11 27 B basis for the doctrine of in the chapter 11 area. W 3 63 of the bankruptcy co which authorizes sales of estate outside of the ord of business. And, and sec to chapter 11. No, your H to all chapters. Why woul if, if, if the bankruptcy to require the sale of ci fact, parties have argued 3 63 M. Limits the remedy that that is an argument mootness generally. But c rejected that argument an mootness is followed in e that here's bankruptcy co 11. Okay. Yes. And the ni the ninth circuit have ap to chapter nine appeals. have looked at the proble mentioned earlier, that a designed to address the d a substantially consummati the harm that doing so wo who have relied on that p the Supreme Court's recen are limiting um courts. I refuse to exercise your j you have. In other words, doctrines that had histo Shouldn't we examine caref of equitable mootness as case when we don't have a nine cases. So we're free the law requires and the such as Lexmark are telli a matter of prudential co don't want to hear this c with, uh, those considera with, uh, in chapter 11 a nothing in chapter nine w which would allow this co weight on those considera the appellant state that of a recent development, one that was cited by the Virginia 18 21 a U. S. Su courts have no more right than to super. That is a goes back several 100 yea I think it's inaccurate t has been some sort of rec jurors on jurisdiction. A courts should exercise th hardly absolute. Um, the mootness is a well establ courts may decline to exe The Supreme Court in Quac stated that courts may a exercise their jurisdicti One of which is the Federa declines exercise its jur is asked to employ its hi a court of equity. And as and young, that's exactly are. They are courts of e problem and I realize I'm areas, but that's what th problem is that the docto mootness here means that three court that ever con issues that it is entirel one bankruptcy court to d bankruptcy should be reso as Judge McKee stated ear The appellants have contr appellants chose not to p district court. They chose stay in this court. They this court to expedite th chose not to ask this cou reveal of the bankruptcy stay again. Mr Fields resp doesn't matter why there just look to whether ther don't look to whether the or disagree with that. We previous precedent has in to diligently pursue a st the appellants. And that sense. Um, if when the ap not diligently pursue a s that signaled to the city that that it could implem that created reliance int because equitable mootness doctrine, the failure to diligently pursue a stay i court has found highly re of whether to apply equiva has also held in the equa it, it, it's purely conje would or would not have b appellants should be given argument that it was a wo suppose that they, that t a stay from the district denied and from us and it argument would you make t factors, whether states b a state wouldn't have ben the appellants had diligi then I think more credit and maybe that factor wou decided in the city's fav didn't happen. I mean, th pursue a stay. They sat o they took the chance that substantially consummated consummated. Um, your hon plan should only be distu reasons as this court hel and this rule makes perfe to imagine that a bankrup would ever go into effect of equitable mootness unt been resolved. No court h an appeal that would so s a consummated multibillion plan. This court's previ that this court should no and has dismissed appeals moot based on far less. T of your opponent's claim if we granted the relief it really wouldn't disru Um, your honor, I respec that argument cannot be b are attacking the heart o bankruptcy plan. The hea was the grand bargain and a few components. Um, eac attack. One is pension re is the A. S. F. Recoupme are excised from the city plan, that is a billion d not a small issue. It's n trivialized. $190 million in A. S. F. Recoupment an outside funding would be relief was granted. And t is whether the merits of be considered by an artic article three court might well say the bankruptcy c right. And in fact, more and courts of appeals aff courts do. But why shoul consideration of the meri case? Well, this court ha will move this as a thres can go back to United Pro threshold matter. Eagle p matter. And in Covington, and arbors, the court tre as a threshold matter, fi didn't exist. And then it Um, and that that approach because if this court wer merits first, it would in issuing advisory opinions. court could certainly find merits argument had merit was nevertheless equitably have issued a opinion upo could be granted. So this prudent approach and firs the appeal is equitably mo equitably moot that it moo And again, the appellants I've repeated this a few important. They had the o article three review and They had another way to l that might or might not a Judge Moore asked, did Ju the discretion in your op that this case was not eq reach the merits? Yes. I you have had a viable app standpoint, assuming there it here. If he had found moved, I'm sure the city that determination if the was not equitably moot. I it. And I may not be fram the right way is, is part the question of whether a ever reaches this to say judge had the ability to had the discretion to do exercise that discretion equitable mootness. So re I would assume as an abus equitable, assuming that is a, is an accident. Uh, right doctrine that was a court, assuming he could, equitably moot. The fact the fact that he chose to court can ever reach the the judge has to decide t doesn't apply in that cas merits. Exactly. And is t we review for abuse of di the determination of equi as the court found in the the determination of equi de novo review. The under upon which that is predic for clear error. So you m were vehicles for the app obtain article three revi one thing that we've talk a stay in the district qu that to the side, what ot have allowed the appellant three review of the decis court or the key decision court? Well, uh, seeking I said, putting that to t well, you had, you had a entered. One is the conf was obviously appealed to and then the city moved t was, was actually moot. U is, you said there's some get to an article three c you to tell me what is th me, well, there's going t were thinking of and I sa to the side and you start to stay. So what, what, h information from you. How gotten their concerns abo courts, key determinatio may be reviewed by an arti could have sought, I supp review. Is there some pro that you would point me t show that there's a decis review is appropriate for one. Yeah. Um, the primar is this day, right? Um, s thing courts would want t interlocutory appeal righ a complicated bankruptcy p that's really a viable fo court did, however, grant review of the eligibility of Detroit's bankruptcy c a permissible avenue that utilized, but was not her I would next like to addr stern arguments that were appellant. Um, again, ju correct in noting that th raised below at the distr therefore forfeited. Norma forfeited. That means tha plain error. So why would here to the stern argumen think if this court can r plain error, then it woul found and at both the Sup level and the seventh cir appellant doesn't present that it is a personal rig waivable and can be forfe But the last part of well opinion says we leave it to decide on remand wheth Sharif forfeited his stern Do you think that that me forfeited it, he could no consideration under plain the seventh circuit found he had forfeited and did the issue. Uh, and, and d That's what happened afte afterwards. Um, and that' thing that happened here. and the concurrence and w that stern arguments are arguments on appeal and t forfeited. And that's exa there. And that's exactly should find here. The app that argument and it shou And even if the court wer argument, it doesn't have appellant first argues th could not adjust pension city. That that has never no roots in this court's or the Supreme Court's ju adjusting claims against at the heart of bankruptcy court could not adjust cl then it could not do anyt if I understand part of t there wasn't a proof of c they weren't, the court w How do you respond to tha a proof of claim, both th police and fire retention a claim against the city. suppose he's referring to claims? I suppose he may that there was no proof o respect to the A. S. F. M the boat here? I think th Um, and the difference be pensioners had against the issue was A. S. F. Four c the G. R. S. And the boar this court, um, in Stern, held that Article three r of a common law claim not of one that Stern held th court is required for the a settlement. Here we had of claims. And as this co field services case, noth this court's decision, Wa the authority of a bankru a settlement. Um, further involved objections of so to a settlement, even tho of the people approved th was what I'm trying to pu technical terms. But as I appellants represent some to the agreed upon settle and it's very common in b to have objections to, to bankruptcy court under ba conducts an analysis of t and either approves them them. Um, and then the we the majority opinion allo to decide claims submitted does not offend separatio as Article three courts r authority over the process to be suggesting that Art have the opportunity to e the objectors objections are down the road. Unless to be equitable. Yes. Um, the appellant's demands w without a viable plan of the city and the bankrupt the case. The city would how to unwind the transac in cash, $910 million in to creditors, refund $220 the Institute of Arts and organizations somehow rev transfer of its art colle trust. And then the city would be in an even worse than when it declared ban again face race to the qu and crushing debt. So, so would be, wouldn't those have to be evaluated in d would be if there were a on the merits that the ap to their case. So, so are raising going to what the in the end should be. So, three court could say, hey so much that's happened h that the Article three co for this. So, you know, t that the appellants are r to the facts of this situ honors in the United Prod that it can, that it is t requested by the appellant of the relief or, or, or So if the question is, is can consider relief other has been requested by the No, this court routinely of equitable mootness, th the relief requested by t I was skipping ahead to t an Article three court wa the merits and that yes, about having to claw back and unwind various transa points. You know, there a points and that those wou inequity and Article three in deciding what the appr the appellants asserted w would be. Yes. I mean, I' moot. If you, you want me Um, but saying that maybe are serious factors about that have happened alread should be weighed in and remedy at the end would b to order. If an Article t merit to the appellant's there's merit, if there's arguments, it applies eq claim holders. So there's that we can grant to the is only entitled to file cannot file one plan for one plan for everyone els are three claim holders i part of a very large clas treated under bankruptcy c in the class have to be t a holder of the claim agr treatment. So granting th would destroy the plan. T one plan for the appellant one plan for everyone els of the plans that the app cornerstone, the grand ba the plan plunges the city chaos. That does bring up time is up, but it does r which has been raised by is that in fact, in their problem, all of the claim group have not been treate is your response to that? incorrect. If you look at it talks about claims of have to be treated equally The city's causes of acti are claims against the ap that the appellants have So the bankruptcy court p ASF recruitment constitutes of class 11 claims and th Unless the court has any f questions. We do not. Tha you. I'd like to start of the concerns that judge M the health of the pension And one of the reasons th bankruptcy problem was it annual required contributi fund. So what the city is a hair of the dog remedy pay anything into the pen state law, despite what t Ernst Roberts, as far as saying what article 24 re gonna pay anything in the 2024. That would be simil declaring bankruptcy, get saying, you know what? Yo not to pay anything out o the next 10 years. It wou should also be denied her about a settlement is dif stern claim because it wa cannot force people incor a matter that belongs in put it into an article one and force people into that and then say it's a settl said in wellness giving t that type of broad power t birthright that belongs i he talking for the majori minority. He was a design the majority opinion in S it's not truly consent be people, you know, there's to go. The only case wher right decided by uh artic uh commodities features f said that look, there's n no parallel reason. There' from the gold. He wants t state. So just following doesn't indicate anything that you're only place yo need to recover. And if t questions, thank you. Thank did find language about w the relief I requested in to judge McKee's question was remand the case to th give the debtor an opport amended plan of adjustmen court an opportunity to r plan to determine whether sections 9 41 and 1 1 2 3 of the city being on the ultimately can't pay what to pay under an amended p theories that I have put debts both to GRS and to adjusted precisely as the So the city would not be that it's not already on I should also in terms of should mention that altho any funding from the city receiving funding from th in the grand bargain and The I should, I'd like to least two other circuits, the seventh have adopted the practice of consideri And then if merit is foun that are raised in equita just fine. In fact, in a opinion, this court has d in the Schwartz case in S considered and then in Sw that the case was equitabl though they had found mer of the appellant's claims fine there to whose persp fine? Well, from the, fr of good administration of the courts have a constit the jurisdiction that is assigned them by Congress means they consider the m that are before them. But the merits and they addre of remedy. So I think it' view of the proper admini interlocutory appeal. The  bankruptcy court's final the plan of adjustment. C from a ruling that has no so, no, there was no oppo appeal. The, uh, whether relief, other on appeal c other than that requested mootness. The, this court circuit is, is that we fo the fifth circuit case, t since the last, since you time this court considere has repeatedly held witho that you can, can, can co remedies. They've been qu And so, uh, the test that which it borrows from, fr the, let's see, well, I g a little ramp up now. The that this is a very impor largest bankruptcy, munic history, at least so far. it's going to have a majo of chapter nine law for s that reason, it's importa that have been raised in t resolved by an article th three courts avoid the ta merits of these appeals b concern that on remand, t and the city could not dea the truth. If the truth i merit, then we will not k court's rulings on these There will be no law on t much needed. Um, and as i to the merits of this cas route that that takes, do back to the district cour briefed that we could then that you're complaining h No, I have made no kind of So which, which was the n it has not been adequately you could reach the, the then have to be remanded. The city's argument regar parties is wrong. The thi here is the G. R. S. Gene They've had every opportu and chose not to further. in the mean, participate this appeal. I attempted t in a meaningful manner in but all my motions to par Therefore, I've smithed t court review is needed bec it's possible for a lower rights of litigants with interlocutory appeal. Gen rule is that the appeal w a final judgment, final o 12 91. And we didn't have until the very end. And t to appeal at this time. T case will be submitted. U who were here specifically this case and would like point, I would ask you to